```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF PUERTO RICO
```

_____
                                    )
NELSON RUÍZ-COLÓN, NELSON RUÍZ-     )
CORREA, EVANGELISTA COLÓN,          )
LEINELMAR RUÍZ-CACERES,             )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )       CIVIL ACTION
                                    )       NO. 17-02223-WGY
ANDRÉS RODRÍGUEZ ELIAS,             )
individually and as member of the   )
conjugal partnership existing       )
with Jane Doe; RAMÓN PÉREZ          )
CRESPO, individually and as         )
member of the conjugal partnership  )
existing with Jane Roe; ANTONIO     )
MALDONADO TRINIDAD, individually    )
and as member of the conjugal       )
partnership existing with Carla     )
Coe; PEDRO GOYCO AMADOR,            )
individually and as member of the   )
conjugal partnership existing       )
with Dona Doe; FRANCISCO CARBÓ      )
MARTÍ, individually and as member   )
of the conjugal partnership         )
existing with Grace Goe; ERNESTO    )
FERNÁNDEZ, individually and as      )
member of the conjugal partnership  )
existing with Jackie Joe; VICTOR    )
BURGOS BARROSO, individually and    )
as member of the conjugal           )
partnership existing with Jane      )
Poe; ELBA GONZÁLEZ, individually    )
and as member of the conjugal       )
partnership existing with John      )
Doe,                                )
                                    )
                Defendants.         )
_____)


YOUNG, D.J.                                          April 30, 2018

**MEMORANDUM & ORDER**

I.  INTRODUCTION

Nelson Ruíz-Colón, Nelson Ruíz-Correa, Evangelista Colón, and Leinelmar Ruíz-Caceres (collectively the "Plaintiffs") bring this civil rights complaint against Andrés Rodríguez Elias, individually and as member of the conjugal partnership existing with Jane Doe; Ramón Pérez Crespo, individually and as member of the conjugal partnership existing with Jane Roe; Antonio Maldonado Trinidad, individually and as member of the conjugal partnership existing with Carla Coe; Pedro Goyco Amador, individually and as member of the conjugal partnership existing with Dona Doe; Francisco Carbó Martí, individually and as member of the conjugal partnership existing with Grace Goe; Ernesto Fernández, individually and as member of the conjugal partnership existing with Jackie Joe; Victor Burgos Barroso, individually and as member of the conjugal partnership existing with Jane Poe; and Elba González, individually and as member of the conjugal partnership existing with John Doe (collectively the "Defendants") alleging that the Defendants violated their Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution, as well as violated their rights under Article 1802 of the Puerto Rico Civil Code, stemming from wrongful incarceration.  The Defendants are a combination of prosecutors and law enforcement officials of the Commonwealth of

Puerto Rico. The Defendants move this Court to reconsider its decision to deny the automatic stay imposed by the Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA").

### A. Question Presented

This motion for reconsideration presents the Court with a difficult, though now recurrent, problem, viz. administering the stay occasioned by the quasi-bankruptcy status now being endured by the people of the Commonwealth of Puerto Rico. The Plaintiffs, claiming violations of their civil rights and seeking money damages, bring this action against the Defendants, who are government prosecutors and law enforcement officials. Mindful of the bankruptcy-like stay of damages claims against the Commonwealth itself, the Plaintiffs carefully frame their complaint to seek redress from the Defendants solely in their personal capacities even though the actions of which the Plaintiffs complain are alleged to have taken place under color of law.

After careful reflection -- while the issue is difficult and either course is unfair -- this Court reconsiders its earlier ruling and administratively closes this case pending resolution of the bankruptcy proceeding.

### B. Procedural Posture

The Plaintiffs filed their complaint against the Defendants on September 23, 2017, alleging wrongful incarceration ("count

I"), violation of due process pursuant to 42 U.S.C. § 1983 ("section 1983") ("count II"), conspiracy to deprive constitutional rights ("count III"), denial of access to courts in violation of section 1983 ("count IV"), failure of the Defendants to intervene in order to prevent misconduct ("count V"), malicious prosecution in violation of state law ("count VI"), damages under Article 1802 of the Civil Code of Puerto Rico ("count VII"), supervisory liability under section 1983 ("count VIII"), breach of the parent-child relationship under section 1983 ("count IX"), and punitive damages ("count X"). Compl. ¶¶ 117-79, ECF No. 1. The Plaintiffs in their complaint also request monetary damages totaling $25,000,000.00. Id. ¶¶ 180-89.

After two judges recused themselves from this case, the case was randomly assigned to this session. See Mem. of the Clerk, ECF No. 8. On February 22, 2018, the Defendants moved this Court to take notice of the automatic stay and apply it to this case. See Notice of Automatic Stay, ECF No. 33. The Plaintiffs filed an opposition and requested that the Court lift the automatic stay. See Pls.' Opp'n Mot., ECF No. 34. The Court denied the Defendants' motion on March 6, 2018, lifted the automatic stay, and requested that the parties submit a joint proposed case management schedule within two weeks of the order. See Order, ECF No. 35. The Defendants filed a motion to

reconsider the Court's order on March 15, 2018.  See Defs.' Mot. Recons., ECF No. 36.

**II. ANALYSIS**

The Defendants argue that the stay should apply because the Plaintiffs are requesting damages that the Commonwealth of Puerto Rico would routinely pay, regardless of the fact that the Defendants are being sued solely in their individual capacities.

PROMESA "is a bankruptcy-like statute enacted by Congress in June 2016 to help address the financial crisis in Puerto Rico." Vázquez-Carmona v. Department of Educ. of Puerto Rico, 255 F. Supp. 3d 298, 298 (D.P.R. 2017) (Gelpi, J.). See also Peaje Invs. LLC v. García-Padilla, 845 F.3d 505, 509 (1st Cir. 2017). Section 362(a)(1) of the Bankruptcy Code, made applicable by Section 301(a) of PROMESA, "provides [that] an automatic stay [is] applicable to 'the commencement or continuation' of 'a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before commencement of the case under [Title 11], or to recover a claim against the debtor that arose before the commencement of the case under [Title 11].'" Atiles-Gabriel v. Puerto Rico, 256 F. Supp. 3d 122, 124 (D.P.R. 2017) (Gelpi, J.) (quoting 11 U.S.C. § 362(a)(1)).  "Similarly, subsection 362(a)(6) automatically stays 'any act to collect, assess, or

recover a claim against the debtor' arising before the petition." Id.

"Section 922(a), which applies to adjustment of the debts of a municipality, provides an automatic stay applicable to 'the commencement or continuation' of 'a judicial, administrative, or other action or proceeding against an <u>officer</u> or <u>inhabitant of the debtor</u> that seeks to enforce a claim against the debtor.'" Id. (emphasis added) (quoting 11 U.S.C. § 922(a)). The Bankruptcy Code, as incorporated in PROMESA, defines "claim" as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

It is now pretty clear that where a litigant may be entitled to equitable relief, the stay cannot frustrate the grant of that relief even though an award of monetary damages may be stayed and the Commonwealth has to expend funds litigating the matter. In Vázquez-Carmona, the plaintiff sought a review of an administrative resolution of the Puerto Rico Department of Education, under the Individuals with Disabilities Education Improvement Act. 255 F. Supp. 3d at 298. As part of

[6]

her amended complaint, the plaintiff requested injunctive and declaratory relief. Id. Judge Gelpi did not apply the PROMESA stay to the case because the plaintiff was not seeking monetary damages, but rather "injunctive and declaratory relief to enforce a federally protected right." Id. "PROMESA expressly contemplates that the temporary stay will not apply to suits to enforce federal rights." Id.; accord Order on Mot. Recons., Cruz-Rodriguez v. Administración de Corrección de P.R., No. 3:17-cv-01464 (D.P.R. Mar. 30, 2018), ECF No. 23.

Likewise in Atiles-Gabriel, the plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking "collateral review of the constitutionality of his conviction and sentence by the Commonwealth." 256 F. Supp. 3d at 123. The defendants moved the court to stay the petition under PROMESA. Id. at 124. Judge Gelpi ruled that the automatic stay did not apply to habeas corpus petitions because "[t]he relief sought concern[ed] a person's liberty; it [did] not seek a right to payment, nor an equitable remedy for which monetary payment is an alternative remedy" as explained in PROMESA. Id. at 125.

Finally, in Cruz-Rodriguez, the plaintiff alleged that the Department of Justice of the Commonwealth of Puerto Rico, the Puerto Rico Department of Correction and Rehabilitation, and the Commonwealth's Parole Board failed to grant the plaintiff parole, which he believed he was entitled to, and requested

$7,000,000.00 in restitution.  Notice Automatic Stay, No. 3:17-cv-01464 (D.P.R. June 14, 2017), ECF No. 10.  This Court ruled that the automatic stay did not apply because "[a]mong other claims for relief, the plaintiff [sought] to have his liberty restored."  Id. at ECF No. 23.

On the precise point at issue here, however, Judge Gelpi, in Guadalupe-Baez v. Pesquera, 269 F. Supp. 3d 1 (D.P.R. 2017), declined to apply the automatic stay under PROMESA because under section 3087, "the Attorney General retains discretion to decide whether to defend and indemnify the Commonwealth actor in the suit."[1]  Id. at 2.  The defendants appealed Judge Gelpi's

---

[1] 32 L.P.R.A. § 3087 states:
    The Secretary of Justice shall determine in which cases the Commonwealth shall assume legal representation and, subsequently, after considering the findings of the court or which arise from the evidence presented, he shall determine whether it is in order to pay the full judgment imposed on the public officials, ex-officials, employees or ex-employees sued, pursuant to the provisions of §§ 3085-3092a of this title.
    Nevertheless, if before acting or failing to do so, the official, ex-official, employee or ex-employee requested the Secretary of Justice to render an Opinion to such effects and his action or omission was performed according to the terms thereof, the Commonwealth may not deny or withhold legal representation from such persons or refuse the total payment of the judgment imposed.
    The Secretary of Justice shall notify the decision to provide legal representation within thirty (30) days after having received the corresponding petition.
    The petitioner may file a petition for review of an adverse decision of the Secretary of Justice before

decision to lift the stay, but then voluntarily dismissed the appeal. Notice of Appeal, Guadalupe-Baez v. Pesquera, No. 3:13-cv-01529 (D.P.R. Oct. 27, 2017), ECF No. 85; Mot. Dismiss, Guadalupe-Baez v. Pesquera, No. 17-2117 (1st Cir. Jan. 25, 2018).

Moreover, unlike Vázquez-Carmona, Atiles-Gabriel, and Cruz, the Plaintiffs' only requests for relief for all of the ten counts are purely monetary damages. Compl. ¶¶ 180-89. The Plaintiffs' case here is the type of case that is contemplated by PROMESA for which the stay should apply. See 11 U.S.C. § 922.

Perhaps most persuasive, in light of PROMESA, the First Circuit has stayed appeals in civil rights cases where the requested relief includes both monetary and non-monetary damages. In Cano-Rodriguez v. De Jesus-Cardona, the plaintiffs brought an action against the Secretary of Justice of the

---

the Court of First Instance within fifteen (15) days following receipt of the notice.
    After the petition for review is filed, if the writ is issued to that effect, it shall be the duty of the Secretary of Justice to refer the record of the case, within fifteen (15) days following the issuance of the writ. The review before the Court of First Instance shall be limited exclusively to questions of law.
    In order to protect the defendant's right to a timely appearance in court, the Secretary of Justice may request additional time to make a determination on the petition presented to him.

Commonwealth of Puerto Rico, the Secretary of the Puerto Rico Department of Corrections and Rehabilitation, and a political activist in his individual capacity, alleging political discrimination in violation of the First Amendment and violation of the Due Process Clause of the Fifth and Fourteenth Amendments, as well as various state law claims.  Compl., No. 3:14-cv-01284 (D.P.R. Apr. 3, 2014), ECF No. 1.  The plaintiffs requested monetary damages, as well as preliminary and permanent injunctions against the defendants from violating the plaintiffs' constitutional rights.  Id.  United States Magistrate Judge Bruce J. McGiverin granted summary judgment in favor of the defendants and dismissed the claims.  Id. at ECF Nos. 65, 66.  The plaintiffs appealed and the First Circuit stayed the proceedings in light of PROMESA.  Order, Cano-Rodriguez v. De Jesus-Cardona, No. 16-1532 (1st Cir. Nov. 27, 2017) ("In view of the petition to restructure its debts filed by the Commonwealth of Puerto Rico, this appeal is stayed.").

In Besosa-Noceda v. Miranda-Rodriguez, the plaintiffs brought a case against the Secretary of the Department of Justice of the Commonwealth of Puerto Rico, prosecutors, the Puerto Rico Police Department, and police officers for claims under section 1983 and for malicious prosecution in connection with criminal charges brought against the plaintiffs.  Compl., No. 3:15-cv-01558 (D.P.R. May 10, 2015), ECF No. 1.  In their

request for relief, the plaintiffs only requested $5,200,000.00 in damages plus attorneys fees and court costs. Id. On August 15, 2016, Judge Carmen C. Cerezo granted summary judgment in favor of the defendants and dismissed the case with prejudice. Id. at ECF Nos. 75, 76. The plaintiffs filed their appeal with the First Circuit soon after. Id. at ECF No. 77. The First Circuit stayed the appeal in light of PROMESA. Order, Besosa-Noceda v. Capo-Rivera, No. 16-2117 (1st Cir. Jan. 23, 2018) ("In view of the petition to restructure its debts filed by the Commonwealth of Puerto Rico, this appeal is stayed.").

In Pabon-Ortega v. Llompart-Zeno, the plaintiff brought a case against the Administrator of the Administration of Tribunals of the Commonwealth of Puerto Rico in her individual as well as official capacity, requesting injunctive relief and monetary damages for discharging him from his job in violation of the First Amendment. Compl., No. 3:16-cv-01185 (D.P.R. Feb. 3, 2016), ECF No. 1. Judge Juan M. Perez-Gimenez dismissed the claims without prejudice because there were ongoing proceedings pending before the Puerto Rico Court of Appeals, and the court abstained under Younger v. Harris, 401 U.S. 37 (1971). Id. at ECF Nos. 40, 41. The plaintiff appealed this order and the First Circuit stayed the appeal in light of PROMESA. Order, Pabon-Ortega v. Llompart-Zeno, No. 16-1599 (1st Cir. Jan. 24,

[11]

2018) ("In view of the petition to restructure its debts filed by the Commonwealth of Puerto Rico, this appeal is stayed.").

Here, should the Commonwealth of Puerto Rico choose to defend this suit, the Commonwealth has to incur the costs of litigating it. These are the types of suits contemplated by PROMESA that require an automatic stay because the defense is funded by the Commonwealth of Puerto Rico and its treasury. See 11 U.S.C. § 362(a). Whether or not the Plaintiffs are suing the Defendants in their individual capacities, the Commonwealth of Puerto Rico may still bear the costs of litigation according to Puerto Rico law. See 32 L.P.R.A. § 3085, stating that:

> Every official, ex-official, employee or ex-employee of the Commonwealth of Puerto Rico who is sued for damages in his personal capacity, when the cause of action is based on alleged violations of the plaintiff's civil rights, due to acts or omissions committed in good faith, in the course of his employment and within the scope of his functions, <u>may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person.</u> The Executive Directors, former Executive Directors, members and former members of the governing boards of public corporations and Government instrumentalities, mayors and former mayors and officials and former officials of the municipalities, as well as the members and former members of the Municipal Police Corps of the different ranks, shall be covered by what is hereby provided, except for the payment of judgments, which shall be governed by the provisions of § 3092 of this title. Any action brought under the provisions of §§ 3077-3092a of this title shall not be covered by the provisions of this section.

(emphasis added).

32 L.P.R.A § 3090 also states:

> Every respondent covered by the provisions of §§ 3085-3092a of this title who applies to the Commonwealth for legal representation may be represented in the suit by attorneys from the Department of Justice or by attorneys in private practice upon authorization of the Secretary of Justice. In these cases, the Commonwealth shall defray the reasonable cost of said legal representation from a special fund created for this purpose. The Commonwealth may recover expenses, costs and attorney's fees and the amounts so recovered shall be covered into the Treasury of Puerto Rico into the same special fund.

Id.

As a practical matter, the Court is presented here with a stark choice: either bar this suit from progressing while the bankruptcy proceeding works its way to conclusion (thus frustrating the Plaintiffs from vindicating their perhaps valid claims while memories dim, witnesses disappear, and records "gang aft agley" even though these Plaintiffs could not, in any event, collect any money judgment the Court might render), or allow this case to go forward, perhaps depriving these Defendants of what they have every reason to expect -- the services of counsel at public expense, with the natural consequence that recruitment and retention will suffer at this crucial time in Puerto Rico's history and prosecutors and law enforcement personnel may hesitate vigorously to enforce the law. Recognizing that, whatever my choice, certain citizens of Puerto Rico are getting (and will get) less than the full

[13]

protection of the laws available to their fellow Americans in the fifty states, I choose the better course.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' motion to reconsider and administratively closes this case. It may be reopened by any party should the judge presiding over the bankruptcy proceeding grant relief from the stay or upon the conclusion of the bankruptcy proceedings, whichever first shall occur.

**SO ORDERED.**

<u>/s/ William G. Young</u>
WILLIAM G. YOUNG
DISTRICT JUDGE